J-S14042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         : PENNSYLVANIA
                                         :
             v.                      :
                                         :
                                         :
MICHAEL ANTHONY SANTIAGO      :
                                         :
           Appellant           : No. 1105 MDA 2020

Appeal from the PCRA Order Entered August 18, 2020
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000722-1998

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED JULY 22, 2021**

Michael Anthony Santiago ("Santiago") appeals, *pro se*, from the Order dismissing his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 12, 1997, Santiago was arrested and charged with first-degree murder[1] in relation to the shooting death of Charles Berry ("Berry"), in the City of York, York County, Pennsylvania.

Relevant to the instant appeal, on the night of the incident, Dennis Banks ("Banks") was walking with Berry to Berry's home.  Santiago approached the men and brandished a firearm, and Banks ran from the scene.

---

[1] 18 Pa.C.S.A. § 2502(a).

As Banks was running, he heard gunshots. Banks later returned to the scene to retrieve his bicycle, and saw Berry bleeding outside his home.

Approximately a week before the shooting, Darrell Beatty ("Beatty"), Berry, and an unknown individual, robbed Santiago at gunpoint, during which Berry held a gun to Santiago's head. The Commonwealth presented Beatty's testimony at trial for the purpose of establishing Santiago's motive for shooting Berry. *See* N.T. (Jury Trial), 1/7/99, at 384-87.

This Court previously summarized the procedural history of this case as follows:

> Santiago is serving a life sentence for first[-]degree murder. The January 7, 1999 sentence has been affirmed [by this Court] on direct [appeal], and the Pennsylvania Supreme Court declined review on May 30, 2000. [*See Commonwealth v. Santiago*, 748 A.2d 1254 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 758 A.2d 1198 (Pa. 2000).] Further review with the United States Supreme Court was denied on January 8, 2001. [*See Santiago v. Pennsylvania*, 531 U.S. 1087 (2001).] Santiago then commenced filing PCRA petitions, and, following a hearing, the first counseled [P]etition was denied on May 16, 2002. After an unsuccessful appeal to this Court, Santiago sought but was denied permission to appeal to the Pennsylvania Supreme Court on July 28, 2004. [*See Commonwealth v. Santiago*, 829 A.2d 364 (Pa. Super. 2003) (unpublished memorandum), *appeal denied*, 856 A.2d 834 (Pa. 2004).] Santiago's second PCRA [P]etition, filed *pro se*, was dismissed as untimely following a hearing, and that dismissal was affirmed by … this Court on April 7, 2010[, and the] Pennsylvania Supreme Court … denied [review] on July 27, 2010. [*See Commonwealth v. Santiago*, 998 A.2d 1000 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 998 A.2d 960 (Pa. 2010).]

*Commonwealth v. Santiago*, 50 A.3d 252 (Pa. Super. 2012) (unpublished memorandum at 1-2).

Santiago filed his third, *pro se*, PCRA Petition on August 31, 2011, and the PCRA court dismissed it as untimely filed. This Court affirmed the dismissal of Santiago's third PCRA Petition. ***See id.***

The PCRA court explained what occurred next as follows:

[O]n June 3, 2015, [Santiago] filed[, *pro se*,] his fourth PCRA [P]etition, which [he] amended on March 29, 2016. Jennifer Smith, Esquire [("Attorney Smith"),] was appointed to represent [Santiago.] On April 19, 2018, [Santiago] [] motion[ed] for new counsel due to [Attorney Smith]'s failure to communicate. The [PCRA c]ourt appointed Heather Reiner, Esquire [("Attorney Reiner"),] on April 26, 2018. An almost[-]illegible time-stamped [P]etition … indicates that, on or about September 14, 2018, [Santiago] motioned for new counsel due to [Attorney Reiner]'s failure to communicate. [However, this Petition was sent to Attorney Reiner, rather than the PCRA court.] On November 20, 2018, [Santiago] motioned to waive counsel and proceed *pro se*. On January 18, 2019, Attorney Reiner [] motion[ed] to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. [] 1988) (*en banc*). [Attorney Reiner] was permitted to withdraw on January 31, 2019[,] and [Santiago] elected to proceed *pro se*. [Santiago] filed a[ *pro se*] [A]mended PCRA [P]etition on February 1, 2019. What ensued thereafter was a series of continuances based upon witness location and evidentiary issues. [Santiago] submitted another [A]mended PCRA [P]etition on July 9, 2020. At the conclusion of the PCRA hearing on August 18, 2020, [Santiago]'s PCRA [P]etition was dismissed as being time-barred.

PCRA Court Opinion, 12/4/20, at 2 (footnote omitted).

Santiago filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Santiago now presents the following claims for our review:

1. Whether the PCRA [c]ourt erred[] and committed reversible error in denying [Santiago]'s [PCRA P]etition as untimely filed when [Santiago] established that his newly-discovered facts claim

- 3 -

was timely[,] where [the] Commonwealth's only eyewitness, [] Banks contacted [Santiago], and sent signed [A]ffidavits along with unsworn declarations, recanting his trial testimony, claiming that he withheld facts and physical evidence that would have proved [Santiago] defended himself, and that [Banks] was pressured by the police and the district attorney to withhold and fabricate the facts, and [Santiago] filed a PCRA [P]etition within 60 days of receiving the first [A]ffidavit, was within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. § 9545(B)(1)(ii), (2)?

2. Whether the PCRA [c]ourt erred[] and committed reversible error by applying a merit analysis when [Santiago] clearly invoked the newly-discovered facts exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii), (2)?

3. Whether the PCRA [c]ourt erred[] and committed reversible error when it failed to properly place [] Banks[] on the witness stand to assert his [F]ifth [A]mendment privilege against self-incrimination, and then declare him unavailable, when [Santiago] had subpoenaed him at the August 18, 2020 hearing?

4. Whether the PCRA [c]ourt erred, and committed reversible error when it violated [Santiago]'s state and federal constitutional rights to due process by failing to rule upon [Santiago]'s Motion in *Limine* with respect to admission of [] Banks's statements against his interest pursuant to Pa.R[.E.] 804 [(]a)(1)(2), (b)(3), which included corroborating circumstances that clearly indicated the trustworthiness of the statements, after the [PCRA c]ourt declared that [] Banks would assert his [F]ifth [A]mendment privilege against self-incrimination?

5. Whether the PCRA [c]ourt erred[] and committed reversible error in denying [Santiago]'s state and federal constitutional rights to due process by not assessing the credibility of the recanted statements of [] Banks pursuant to the newly-discovered fact exception found in 42 Pa.C.S.A. § 9545(b)(1)(ii), (2)?

6. Whether the PCRA [c]ourt erred and committed reversible error in denying [Santiago]'s [A]mended [P]etition as untimely filed when [Santiago] established that his newly-discovered facts was [*sic*] untimely when he received the sentencing transcripts found in [the] unrelated case files of witness [] Beatty pertaining to multiple deals of leniency from the same prosecution that

- 4 -

examined him at [Santiago]'s trial, after both the witness and the prosecution denied any promise of deals of leniency, and these deals were unknown to [Santiago]; [Santiago] then filed an [A]mended [P]etition within 60 days of receiving the transcripts, [which] was within the timeliness exception set forth at 42 Pa.C.S.A. § 9545([b])(1)([ii]), (2)?

7. Whether the Commonwealth's attorney violated [Santiago]'s state and federal constitutional rights to due process by failing to correct false testimony of [] Beatty, when he testified that he was not promised any deal of leniency in exchange for his testimony against his own pending charges; and the Commonwealth also used such testimony to bolster the credibility of this witness to the [c]ourt and the jury at [Santiago]'s trial?

8. Whether the PCRA [c]ourt erred[] and committed reversible error when it failed to rule upon [Santiago]'s Motion for [L]imited [D]iscovery/Court [I]nspection of all relevant documents contained in the prosecution's file including, but not limited to, *inter alia*, plea-agreements, *nolle prosequi's*, and any negotiations, deals, and meetings with [] Banks and [] Beatty from the year(s): 1998-1999, when [Santiago] only had limited information from witnesses [*sic*] docketing statements and sentencing transcripts?

Brief for Appellant at 3-5.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

- 5 -

Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Santiago's judgment of sentence became final on January 8, 2001, when the United States Supreme Court declined to review his case. *See* 42 Pa.C.S.A. § 9545(b)(3). Thus, Santiago's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws or this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been

presented." ***Id.*** § 9545(b)(2) (amended 2018).[2] "The PCRA petitioner bears

the burden of proving the applicability of one of the exceptions."

***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In his first claim, Santiago argues that Banks's Affidavit constitutes a

newly-discovered fact. Brief for Appellant at 14-15. Santiago contends that

in May, 2015, he received the Affidavit from Banks, which included statements

that Berry had possessed a firearm and intended to rob Santiago on the night

in question. ***Id.*** at 15. Based upon Banks's Affidavit, Santiago asserts that

Berry was armed with a firearm on the night of the incident, which supports

Santiago's claim of self-defense. ***Id.*** at 15-18.

> Santiago purports to invoke the newly-discovered fact exception, which
>
> [r]equires that the facts upon which such a claim is predicated must not have been known to [the petitioner], nor could they have been ascertained by due diligence. To fall within this exception, the factual predicate of the claim must not be of public record and must not be facts that were previously known but are now presented through a newly-discovered source.

***Commonwealth v. Shannon***, 184 A.3d 1010, 1015-16 (Pa. Super. 2018)

(citations, quotation marks, and some brackets omitted). Further, "[d]ue

diligence demands that the petitioner take reasonable steps to protect his own

---

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, Dec. 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. ***See*** Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, Santiago's PCRA Petition was filed on June 3, 2015, and thus, the original 60-day time limit applies.

interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010).

Here, Santiago's underlying assertion is that the Banks Affidavit bolstered Santiago's claim of self-defense.[3] **See** Brief for Appellant at 15-18; **see also** PCRA Court Opinion, 12/4/20, at 7-9. In raising this new self-defense assertion, Santiago essentially concedes that he shot and killed Berry. Importantly, a successful self-defense claim would have been predicated on Santiago *seeing* or *having knowledge of Berry's gun at the time that he shot and killed Berry*. Indeed, there is no dispute that Santiago was present at the shooting; therefore, he was aware of the circumstances of the incident. Thus, Banks's Affidavit, and in particular, Banks's statements about Berry's possession of a firearm, do not constitute a newly-discovered fact. **See Shannon**, **supra**; **see also Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) (stating that a newly willing source for previously known facts cannot satisfy the newly-discovered facts exception). Moreover, Santiago fails to explain why he made no attempt to contact Banks prior to trial, or why he was unable to uncover the information alleged in the Affidavit earlier, with the exercise of due diligence. **See Monaco**, **supra**. Accordingly, Santiago is not entitled to relief on this claim.

---

[3] We observe that Santiago did not assert a claim of self-defense at the time of his trial. **See** PCRA Court Opinion, 12/4/20, at 8-9.

In his second claim, Santiago argues that the PCRA court erred in denying his PCRA Petition when it employed a merits analysis. Brief for Appellant at 17.

Our review of the record reveals that the PCRA court did, in fact, dismiss Santiago's PCRA Petition on the basis of timeliness.[4]  ***See*** N.T. (PCRA Hearing), 8/18/20, at 28 (wherein the PCRA court stated "I am going to dismiss the PCRA on the basis that it is time barred and does not meet any of the exceptions to justify relief."); ***see also*** PCRA Court Opinion, 12/4/20, at 9. Accordingly, this claim lacks merit.

In his third claim, Santiago contends that the PCRA court erred when it failed to place Banks on the stand to assert his Fifth Amendment privilege. Brief for Appellant at 18-19. Santiago claims that the PCRA court abused its discretion when it failed to determine whether Banks's statements in his Affidavit were credible. ***Id.*** at 19.

In regards to this claim, Santiago fails to identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Accordingly, this

_____

[4] We could find Santiago's claim waived, because his appellate brief is devoid of any citations to legal authority supporting his position and contains a single two-sentence quote from the record. ***See*** Pa.R.A.P. 2119(a) (providing that an appellant's argument shall include "such discussion and citation of authorities as are deemed pertinent."); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived."). Nevertheless, we will address Santiago's claim.

Court lacks jurisdiction to address the merits of these claims. **See Albrecht**, **supra**. Moreover, as we discussed *supra*, Banks's Affidavit does not constitute a newly-discovered fact, and Santiago failed to exercise due diligence in obtaining the Affidavit. **See Shannon**, **supra**; **see also Monaco**, **supra**.

In his fourth claim, Santiago argues that the PCRA court erred when it failed to rule on his Motion in *Limine* at the PCRA hearing. **See** Brief for Appellant at 3. In his fifth claim, similar to his third claim, Santiago contends that the PCRA court erred when it failed to assess the credibility of Banks's Affidavit at the PCRA hearing. **See id.**

In regards to his fourth and fifth claims, Santiago fails to include any supporting argument whatsoever, and accordingly, those claims are waived. **See Johnson**, **supra**; Pa.R.A.P. 2119(a).

In his sixth claim, Santiago contends that the sentencing transcripts in Beatty's other criminal cases constitute newly-discovered facts. Brief for Appellant at 19. Santiago argues that, in exchange for Beatty's testimony against Santiago, the Commonwealth had promised Beatty leniency at Beatty's sentencing hearing. **Id.** at 19-20. Additionally, Santiago claims that Beatty lied when he testified at trial that he and the Commonwealth had no such agreement. **Id.** Santiago claims that he exercised due diligence in obtaining Beatty's sentencing transcripts, because he had asked each of his prior counsel, including his trial counsel, to obtain the transcripts, but none of his prior counsel sought the transcripts. **Id.** at 21.

Despite invoking the newly-discovered fact exception, Santiago provides only bald assertions of his due diligence in obtaining the sentencing transcripts. **See** Brief for Appellant at 21 (wherein Santiago contends that he had sent written requests to all prior counsel to obtain Beatty's sentencing transcripts). Indeed, Santiago's PCRA Petition, Amended PCRA Petitions and his appellate brief are devoid of any support for this claim. Moreover, in his brief, Santiago concedes that he was aware of the alleged "deal" between Beatty and the Commonwealth since at least 2001, when he requested that trial counsel request Beatty's sentencing transcripts. **See** Brief for Appellant at 21. Because Santiago had not exercised due diligence in procuring Beatty's sentencing transcripts, his reliance on the newly-discovered fact exception to the PCRA's timeliness requirement fails. **See Albrecht**, **supra**; **see also Monaco**, **supra**.

In his remaining two claims, Santiago fails to identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Rather, Santiago claims that his due process rights were violated when, at trial, the District Attorney failed to correct Beatty's statements regarding "leniency" in exchange for Beatty's testimony against Santiago; the District Attorney violated **Brady v. Maryland**, 373 U.S. 83 (1963) by failing to provide the alleged agreement; and the Commonwealth knowingly presented false testimony through Beatty. Brief for Appellant at 24-28. In these remaining claims, Santiago has failed to invoke any of the exceptions to the PCRA time

bar and, thus, this Court lacks jurisdiction to address the merits of these claims. **See Albrecht**, **supra**.

Based upon the foregoing, the PCRA court did not err in dismissing Santiago's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/22/2021